UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Davis Yerger,                              :

      Plaintiff,                     :   CIVIL ACTION NO. 4:24-cv-1268

v.                                          :   (JUDGE MANNION)

Northumberland County                      :
Assistance Office, Pennsylvania
Department of Human Services,              :
                                            
      Defendant.                     :

FILED
SCRANTON

AUG 08 2024

PER _____
DEPUTY CLERK

## MEMORANDUM

Presently before the court in this *pro se* civil rights lawsuit is the report and recommendation of Chief Magistrate Judge Joseph F. Saporito Jr.[1], (Doc. 5), dated July 31, 2024. Judge Saporito conducted the legally required screening review of Plaintiff's amended complaint, (Doc. 1), and recommends that it be dismissed for lack of subject matter jurisdiction. Plaintiff filed a timely objection to Judge Saporito's report. (Doc. 6). However, based on its own review of the record as described below, the court agrees with Judge Saporito's recommendation and will dismiss Plaintiff's complaint.

---

[1] Since this report and recommendation was filed Judge Saporito was confirmed by the United States Senate as a United States District Judge.

## I.  Legal Standard

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." *Bynum v. Colvin*, 198 F. Supp 3d 434, 437 (E.D. Pa. 2016) (citing *United Stated v. Raddatz*, 447 U.S. 667, 676 (1980)).

District courts also have an on-going statutory obligation to preliminarily review a *pro se* complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii). This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In determining whether a complaint states a claim for relief, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light

most favorable to the non-movant." *Jordan v. Fox; Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

When reviewing a *pro se* complaint, the court must construe such complaints liberally "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F. 3d 229, 234 (3d Cir. 2004) (quoting R. Civ. P. 8(f)). The court must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F. 3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F. 3d 683, 688 (3d Cir. 2002)).

## II.  Discussion

Since the report correctly states the procedural and factual background of this case, (Doc. 5, p.1 n.1), it will not be repeated herein. In short this is a civil rights lawsuit against the Northumberland County Assistance Office ("CAO"), the local office of the Pennsylvania Department of Health and

Human Services ("DHS").[2] As such Defendant is a state agency and in turn immune from suit under the Eleventh Amendment to the United States Constitution. *See Nelson v. Pa. Dep't of Pub. Welfare*, 244 F. Supp. 2d 382, 390 (E.D. Pa. 2002); *see also Merriweather ex rel. Walker v. City of Phila.*, No. 07-1005, 2007 WL 1463304, at *4 (E.D. Pa. May 17, 2007).

Given these circumstances Judge Saporito properly raised the issue of the court's subject matter jurisdiction *sua sponte*. *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 3d Cir. 1995 ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . ."). Judge Saporito found that because Defendant is immune from suit under the Eleventh Amendment this court lacks subject matter judication over Plaintiff's claims against Defendant. He in turn recommends dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)) (A Rule 12(b)(1) motion is the

---

[2] Judge Saporito notes that the Clerk of Court mistakenly docketed Northumberland CAO and DHS as two separate defendants. But Northumberland CAO is a subunit of DHS, a state governmental agency, which Plaintiff's complaint makes no reference to.

proper mechanism for raising the issue of whether Eleventh Amendment immunity bars the exercise of federal jurisdiction.).

Plaintiff objects to this finding but only argues that he has a Fourteenth Amendment Right to Due Process and dismissal of his complaint would be a "devastation" to that right. (Doc. 6) Plaintiff does not argue that Defendant is not a state agency entitled to sovereign immunity or that Defendant has in anyway waived its sovereign immunity. Accordingly, this court agrees with Judge Saporito and will dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

### III. Conclusion

In light of the foregoing the Report and Recommendation of Judge Saporito, (Doc. 5), will be **ADOPTED IN ITS ENTIRETY** as the decision of the court. Plaintiff's objection, (Doc. 6), will be **OVERRULED,** and his complaint, (Doc. 1), will be **DISMISSED** with prejudice. The Clerk of Court will be directed to **CLOSE** this case. An appropriate order follows.

MALACHY E. MANNION
United States District Judge

**DATE: August 8, 2024**
24-1268-01